RECEIVED
FEB 1 9 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| SAMINTHIA L. DEBOIS | : | DOCKET NO. 12-2789 |
| VS. | : | JUDGE TRIMBLE |
| BANK OF AMERICA, ET AL | : | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

Before the court are three motions: (1) "Rule 12(B)(6) Motion to Dismiss Bank Of America, N.A. and Mortgage Electronic Registration Systems, Inc." (R. #14), filed by defendants, Bank of America, N.A. (the "Bank of America") and Mortgage Electronic Registration Systems, Inc. ("MERS"), (2) "Motion to Dismiss"(R. #18) filed by EverBank, and (3) "ExParte Motion for Reconsideration of a Stay of the Writ of Execution Pending Outcome of the Above Case" (R. #20) filed by plaintiff, Saminthia L. Debois. In their motions to dismiss, defendants seek to have the claims made against them dismissed with prejudice at plaintiff's cost. In her motion for reconsideration, Ms. Debois seeks to have this court issue an order that would enjoin her eviction from the property located at 1703 (A) Woodhaven Dr., Monroe, Louisiana. Ms. Debois has not filed an opposition to defendants' motions to dismiss.

### FACTUAL ALLEGATIONS

On August 24, 2009, plaintiff, Ms. Saminthia Debois and Bank of America executed a mortgage on property located at 1703(A) Woodhaven Dr., Monroe, Louisiana. MERS was named as a nominee. On May 12, 2012, the loan was assigned to EverBank. Due to plaintiff's failure to

pay the promissory note secured by a home mortgage which contained a confession of judgment, foreclosure proceedings were initiated in state court in Ouachita Parish.[1] According to the petition, Ms. Debois had failed to pay the monthly installments since January 1, 2012. On July 31, 2012 a writ of seizure and sale was issued and domiciliary service was completed. On October 10, 2012, the property was adjudicated at Sheriff's Sale to EverBank as the seizing creditor and subsequently deeded to EverBank. Ms. Debois did not contest the foreclosure proceedings through either an injunction or an appeal, nor did she respond to EverBank's letter advising her that foreclosure proceedings were about to be initiated.[2]

Plaintiff filed the instant suit on October 30, 2012 in an attempt to enjoin the seizure and sale of the property. In her complaint, Ms. Debois alleges that Bank of America and MERS participated in a scheme to commit mail and wire fraud causing or permitting EverBank to wrongfully foreclose on the property. Ms. Debois further alleges that Bank of America violated § 28 of the National Bank Act by extending the mortgage loan to 2039 (a 30 year mortgage). Plaintiff further alleges violations of 15 U.S.C. § 1692g, the Fair Debt Collections Practices Act ("FDCPA"),[3] and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff requests that this court void the foreclosure and remove the cloud of title on the property.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state

---

[1] EverBank filed a Petition for Executory Process, Suit No. 2012-2226, 4th Judicial District.

[2] The letter was in compliance with the FDCPA; in addition to certain disclosures, the letter informed Ms. Debois that she had a right to dispute the debt.

[3] 18 U.S.C. § 1962, *et seq.*

2

a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[4] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[5] The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[6] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[7] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[8] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[9] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[10]

Under Rule 8 of the Federal Rules of civil Procedure, the pleading standard does not require

---

[4] Hitt v. City of Pasadena, 561 F.2d 606,608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

[5] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

[6] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[7] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[8] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[9] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[10] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[11] A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[12] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[13]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[14]

## LAW AND ANALYSIS

Bank of America maintains that (1) this lawsuit violates the *Rooker-Feldman* doctrine, (2) there was no scheme to defraud, (3) plaintiff has failed to sufficiently state a claim of fraud, (4) plaintiff has no standing to bring a RICO claim and (5) plaintiff's complaint does not state a *prima facie* RICO claim. Bank of America further maintains that National Bank Act is not applicable because it was repealed in 1994 and/or the law does not apply to mortgage lending.

EverBank maintains that the instant lawsuit must be dismissed because (1) this court lacks subject matter jurisdiction over plaintiff's claims, (2) plaintiff lacks standing to allege RICO violations and the National Banking Act, (3) and the complaint fails to state a claim upon which relief can be granted.

*Rooker-Feldman doctrine*

Motions submitted under Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge

---

[11] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[12] Id.

[13] Id., at 557, 127 S.Ct. 1955.

[14] Id., at 570, 127 S.Ct. 1955.

the court's subject-matter jurisdiction based upon the allegations on the face of the complaint.[15] The court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[16] "[T]he district court has substantial authority to weigh the evidence and satisfy itself as to the existence of its power to hear the case."[17]

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction to review a final state court decision "arising out of a judicial proceeding unless a federal statute specifically authorizes such a review."[18] Thus, federal courts are prevented from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[19]

Defendants maintain that the claims brought by plaintiff are squarely within the scope of impermissible federal challenges on the state court judgment because they are direct challenges to a state court judgment and are inextricably intertwined with the state court judgment. We agree. In her complaint, plaintiff challenges the state court foreclosure proceedings that resulted in the October 10, 2012 judicial sale of the property. In her prayer for relief, Ms. Debois seeks to enjoin EverBank from seizing and selling the property. The state court proceeding has ended and the state court

---

[15] Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).

[16] Id.

[17] Wylie v. Bank of New York Mellon, 856 F. Supp.2d 837, 842 (E.D. La.2012).

[18] Union Planters Bank Nat'l Assoc. v. Salih, 369 F.3d 457, 462 (5th Cir. 2004)(federal courts do not have the power to modify or reverse state court judgments).

[19] Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

judgment is a final order which cannot be appealed to this court because that would require this court to review the state court judgment. This court does not have subject matter jurisdiction to review the state court judgment, nor does it have subject matter jurisdiction over FDCPA claims challenging a Louisiana trial court's foreclosure judgment.

*RICO claims*

Ms. Debois alleges RICO claims against the defendants because the assignment from Bank of America to EverBank was not recorded. RICO is a criminal statute which provides civil damages for a party injured in his business or property by reason of a violation of the statute.[20] Defendants maintain that the RICO claims must be dismissed because Ms. Debois has failed to sufficiently allege (1) the existence of any RICO predicate act, (2) any specific evidence to support a claim for mail or wire fraud, (3) the MERS system is not fraudulent, (4) RICO damages or proximate cause, (5) standing, (6) a RICO "enterprise" separate from Bank of America and MERS as RICO "persons", (7) how Bank of America and MERS operated or managed a RICO "enterprise."

Bank of America and MERS maintain that Ms. Debois' claims must be dismissed because plaintiff has failed to allege with particularity the alleged predicate acts which form the alleged racketeering activity– mail or wire fraud. A plaintiff must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiffs, and (4) what the defendants gained by the alleged fraud."[21] "[M]ere allegations of fraud, corruption or conspiracy,

---

[20] Oceanic Exploration Co. v. Phillips Petroelum Co. ZOC, 352 Fed. App'x 945, 950 (5th Cir. 2009).

[21] Am. Dental Ass'n. v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010); see also Williams v. WMX Techs.,Inc., 112 F.3d 175, 177 (5th Cir. 1997).

averments to conditions of mind, or referral to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated."[22]  Federal Rule of Civil Procedure 9(b) states; "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of the mind of a person may be averred generally."[23] Rule 9(b) requires the who, what, when, where and how to be laid out.[24]  Rule 9(b) further requires "allegations of the particulars of time, place and contents of the false representations as well as the identity of the person making the representations and what he obtained thereby."[25]  The court has reviewed plaintiff's complaint.  The complaint fails to allege with specificity the who, what, when and where to sufficiently allege fraud.

Bank of America and MERS maintain that even taking the allegations as true, there is no legal requirement that requires an assignment to be recorded. Furthermore, Bank of America and MERS maintain that recording a mortgage has no effect on the obligations of the parties to the agreement. The sole reason to record a mortgage is that "[t]he rights and obligations established or created by the [mortgage] are without effect as to a third person unless the instrument is registered by recording it in the appropriate mortgage or conveyance records." [26]

Defendants submit that plaintiff's claims are based on the proposition that MERS is a

---

[22] Hayduk v. Lanna, 775 F.2d 441, 444 (1st Cir. 1998).

[23] Fed. Rule. Civ. P. 9(b).

[24] Benchmark Electronics, Inc. v. J.M. Huber Corp., 343 F.3d 719, 724 (5th Cir. 2003), modified in part on other grounds, on reh'g, and reh'g en banc denied, 355 F.3d 356 (5th Cir. 2003).

[25] Id. (internal quotation marks omitted).

[26] La. Civ. C. Art. 3338.

7

fraudulent scheme designed to avoid the payment of assignment recording fees. Defendants note that the jurisprudence has consistently rejected this argument.[27] Defendants remark that Ms. Debois has failed to allege an intent to defraud and only alleges that Bank of America and MERS intended to avoid recordation fees through the naming of MERS as a nominee on the mortgage. However, nothing in Louisiana law requires recordation of assignments when a promissory note is transferred from party to party. Furthermore, plaintiff has failed to plead facts to suggest how defendant's failure to record subsequent transfers of interest caused her injury by her failure to timely pay the installments on the loan.

For the reasons set forth above and because MERS is legally valid and neither its existence nor the defendants' participation in MERS is a basis for an "intent to defraud", all claims of mail or wire fraud will be dismissed with prejudice for failure to state a claim which consequently leads to the dismissal of plaintiff's RICO claims.

*§ 28 of the National Bank Act*

Bank of America and MERS maintain that all claims pursuant to § 28 of the National Bank Act must be dismissed because it was repealed in 1994.[28] Defendants note that Ms. Debois obtained her mortgage in 2008, thus, § 28 of the Act is not applicable, not only because it was repealed but also because nothing in the Act provides that a national bank cannot extend a mortgage loan with

---

[27] Christian County Clerk v. Mortgage Elec. Registration Systems, Inc., 2012 U.S. Dist. LEXIS 21380 (W.D. Ky. Feb. 21, 2012); Bates v. Mortgage Elec. Registration Systems, Inc., 2011 U.S. Dist. LEXIS 40356, at *9-10 (D.Nev. Mar. 30, 2011); Bates v. Mortgage Elec. Registration Systems, Inc., 2011 WL 892646 (E.D. Cal. Mar. 11, 2011).

[28] See Pub. C. 103-325, Title VI, § 602(E)(1) (Sept. 23, 1994); Coppedge v. City of Philadelphia Prothonotary, 2010 WL 2382949, *1 n.9 (D.Del. June 10, 2010)("Section 28 was repealed on September 23, 1994").

a term greater than five years. We agree and will dismiss all claims made pursuant to § 28 of the National Bank Act.

*Motion for Reconsideration*

In her motion for reconsideration, Ms. Debois submits that Everbank has no interest in the real property because it is not the holder of the note. She further complains that defendants did not produce the "Original Wet ink signed Note" signed by plaintiff. Finally, she complains that the claims of EverBank are based on an invalidated debt, thus EverBank violated, 15 U.S.C. § 1692g.(b).[29] The court finds no basis in law to grant the relief requested by plaintiff. Accordingly, the motion for reconsideration will be denied.

## CONCLUSION

For the reasons set forth above, the motions to dismiss filed by defendants, Bank of America, MERS, and EverBank will be granted dismissing with prejudice plaintiff's claims at plaintiff's cost. The motion for reconsideration will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of February, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[29] Motion for reconsideration, ¶¶ 7-8. R. #20.