RECEIVED
AUG 29 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| SAMINTHIA L. DEBOIS | : | DOCKET NO. 3:12-2789 |
| VS. | : | JUDGE TRIMBLE |
| BANK OF AMERICA, MERSCORP, AND EVERBANK | : | MAGISTRATE JUDGE HAYES |

### ORDER

Before the court is a "Motion to Set Aside the Sheriff Deed and Motion for Preliminary Injunction Based on an Illegal Lockout and Illegal Eviction by all Defendant(s) as a Federal Case [is] Pending Which was Filed by the Plaintiff First at Federal Court and Motion for Relief for the Violation of the Court Rules by all Defendant(s) of the Illegal Lockout/ and Illegal Eviction Violation by Ever Bank also Lender Processing Services Against the Plaintiff with a Police Report in Support of this Claim Based on a Pending Hearing with this Honorable Court on the Matter with Plaintiff Having no Knowledge of Where Plaintiffs Belongings are Located Valued over $25,000.00 and Now Possible Corruption and Coverup by a Fraudulent Trustee!" (R. #31) filed by plaintiff, Saminthia L. DeBois wherein the mover seeks relief from an eviction process that occurred in state court. On February 19, 2013, pursuant to a motion to dismiss filed by defendant, Everbank, the undersigned dismissed the instant lawsuit for lack of subject matter jurisdiction based upon the Rooker-Feldman doctrine.[1] The court also dismissed any RICO

---

[1] Under this doctrine a federal court lacks subject matter jurisdiction to review a final state court decision. The underlying lawsuit involved a foreclosure which also resulted in an eviction proceeding in state court.

claims as well as any claims made pursuant to § 28 of the National Bank Act.

Subsequent to our ruling, plaintiff filed yet another motion for preliminary injunction and motion to set aside the sheriff deed. In their opposition, Everbank requested an award of attorney fees and costs. Hence, the court ordered the parties to brief the issue of attorney fees and costs as to a pro se plaintiff. Everbank maintains that the Federal Court has the inherent power to sanction litigants who abuse the courts.[2] Such power includes the ability to assess attorney's fees in appropriate cases and the power to issue injunctions to restrict the filing of pleadings that lack merit.[3]

---

[2] Citing Jones v. First Bank & Trust, 2010 WL 2836150 (E.D. La. July 16, 2010).

[3] Republic Ins. Co. v. House. Auth. Of New Orleans, 2013 WL 1897135 (E.D. La. May 2, 2013); Harrellson v. United States, 613 F.2d 114, 116 (5th Cir. 1980).

The Fifth Circuit has emphatically stated that "[n]o one, rich or poor, is entitled to abuse the judicial process."[4] In Hardwick, the federal court sanctioned plaintiff for vexatious and frivolous filings but not pursuant to 28 U.S.C. § 1927 finding that § 1927 applies to attorneys. However, the court opined that it had the inherent sanctioning power to address the overuse of the court's resources depending upon the particular circumstances of each case. The Fifth Circuit has previously stated that when sanctioning, the district court has a duty to impose the least harsh penalty available.[5] When a litigant's abuse overburdens the court, the Fifth Circuit has upheld the use of strong sanctions including refusal to allow the individual to file any more complaints or motions in the district court without obtaining leave of court.[6] While the court has the discretion to award attorney's fees and cost, we find that under the circumstances, this may not be the most fitting sanction. However, we do find that in order to prevent future frivolous filings by plaintiff in this lawsuit, sanctions are necessary. Furthermore, the court is inclined to advise plaintiff that any filings made that we find are likewise frivolous, we will not hesitate to award the defendant's request for attorney's fees and costs to respond to said filings. Accordingly,

**IT IS ORDERED** that plaintiff's motion for preliminary injunction and to set aside sheriff deed is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court not accept any future filing in this lawsuit without leave of court (or permission of the court) to file said pleading.

---

[4] Hardwick v. Brinson, 523 F.2d 798, 800 (1975).

[5] Akin v. Q-L Investments, Inc., 959 F.2d 521, 535 (5th Cir. 1992).

[6] Tribbit v. Ward, 1996 WL 101558 *1 (5th Cir. Feb. 29, 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 29th day of August, 2013.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE